

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| PHILIP DUANE PARKER,<br>    Plaintiff, | Civil Action No. 7:05-cv-00699 |
| v. | **MEMORANDUM OPINION** |
| CAPTAIN SALMON, et. al.,<br>    Defendant(s). | By: Hon. James C. Turk<br>Senior United States District Judge |

Plaintiff Philip Duane Parker, a Virginia inmate proceeding pro se, brings this action under the Civil Rights Act, 42 U.S.C. §1983, with jurisdiction vested under 28 U.S.C. §1343. In his complaint, Parker alleges that officials at the Danville City Jail ("the jail") have violated his constitutional rights by allowing female guards to view his nude body in his cell on a regular basis, by failing to provide appropriate medical care, and by failing to respond to his grievances about his claims. He seeks monetary damages from the jail, three officers, and a doctor.

Upon consideration of the complaint, the court finds that this action should be dismissed pursuant to 28 U.S.C. §1915A(b)(1) for failure to state a claim upon which relief may be granted. A complaint filed by an inmate challenging the conduct of an "officer or employee of a governmental entity" may be dismissed under §1915A(b)(1) if the complaint is "frivolous, malicious or fails to state a claim upon which relief may be granted."

I.

Parker's allegations are short, with little factual detail. First, he alleges that officers placed him "in K block naked" where female guards observed him on a regular basis. On one occasion, officers escorted Parker, who was naked and in shackles and handcuffs, to the telephone and to see the nurse. Second, Parker alleges that he had a seizure and no one on the jail staff knew what to do.

1

Third, Parker alleges that he lost 41 pounds at the jail and that as a result, Dr. Wang ordered that Parker receive double-portion meal trays, but then without examining Parker, discontinued the practice. Fourth, Dr. Wang diagnosed a lump in Parker's arm as "a assist" that did not require treatment. Fifth, Parker filed grievances about these claims, but no one responded and no one will give him the full names of the mental health staff. Parker claims that these conditions caused him mental duress and embarrassment. He seeks to recover $10,000,000 from each defendant and payment of his mental health bills by the city.

II.

To state a cause of action under §1983, a plaintiff must establish that he has been deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42 (1988). Parker cannot maintain his action against the jail, since local jails are not "persons" subject to suit under 42 U.S.C. §1983. See McCoy v. Chesapeake Correctional Center, 788 F. Supp. 890 (E.D. Va. 1992). The other officers Parker names as defendants appear to be state employees, subject to suit under § 1983. For other reasons, however, Parker fails to allege facts stating any actionable claims against them under this statute.

First, he cannot recover monetary damages under § 1983 for the alleged violations of his privacy. "No federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). The United States Court of Appeals for the Fourth Circuit, the majority of the other Circuit Courts of Appeals, and the United States Supreme Court have not yet addressed the exact scope of §1997e(e). The court need not do so here, as the

court finds that Parker's claims for monetary damages are barred by the plain language of the statute. He does not allege any facts indicating that he suffered any physical injuries whatsoever in conjunction with the episodes where female guards or nurses allegedly saw him without his clothes. He alleges suffering "mental duress and personal embarrassment" while in custody. These are precisely the type of mental or emotional injuries for which § 1997e(e) bars recovery of monetary damages. See Ashann-Ra v. Commonwealth of Virginia, 112 F. Supp. 2d 559 (W.D. Va. 2000)(finding that inmate's privacy claim arising from lack of shower curtain was barred under §1997e(e)). Therefore, the court will dismiss this aspect of Parker's complaint for failure to state an actionable claim. § 1915A.

In his next group of claims, Parker alleges that the defendants have not provided him with appropriate medical treatment. Deliberate indifference to serious medical needs of prisoners constitutes unnecessary and wanton infliction of pain proscribed by the Eighth Amendment, Estelle v. Gamble, 429 U.S. 97 (1976), but questions of medical judgment are not subject to judicial review. Russell v. Sheffer, 528 F.2d 318, 319 (4th Cir. 1975). Mere malpractice does not state a federal claim, Estelle, 429 U.S. at 105-106, nor does mere negligence in diagnosis. Sosebee v. Murphy, 797 F.2d 179 (4th Cir. 1986).

None of Parker's alleged problems with health care rise to constitutional proportions. First, his claim concerning the staff's lack of knowledge regarding treatment of a seizure states, at most, a claim of negligence, and such claims are not actionable under § 1983. He does not allege that anyone knew he was having a seizure and knew how to treat it, but deliberately withheld appropriate treatment. Parker's second claim constitutes a disagreement between Parker and Dr. Wang about Parker's medical need for additional food on his meal trays. Parker complains in his grievance that

3

Dr. Wang discontinued the double meals without examining him first. He fails, however, to allege facts indicating that Dr. Wang knew of a specific medical problem requiring Parker to have additional food. Hence, he fails to demonstrate deliberate indifference by the doctor. Parker's third complaint is also a disagreement between doctor and patient over whether or not the lump in Parker's arm required any treatment. Parker fails to allege any known, medically necessary treatment for his lump which Dr. Wang deliberately refused to give him. Again, Parker fails to show deliberate indifference. Any claim that Dr. Wang's medical decisions about the meals and/or the cyst were not up to current medical standards states, at most, a claim of medical negligence or malpractice, not actionable under § 1983.[1] The court will dismiss all of Parker's medical claims, pursuant to § 1915A, for failure to state a claim.

Finally, Parker fails to allege facts stating any constitutional claim regarding the defendants' failure to respond to his grievances. Inmates do not have a constitutionally protected right to a grievance procedure. Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994) and Flick v. Alba, 932 F.2d 728, 729 (8th Cir. 1991). Because a state grievance procedure does not confer any substantive right upon prison inmates, a prison official's failure to comply with the state's grievance procedure is not actionable under §1983. Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988). The court will therefore dismiss his fifth claim, pursuant to §1915A, for failure to state a claim.[2] An appropriate order shall be entered this day.

---

[1] To the extent that Parker is seeking to bring medical malpractice claims in this complaint, the court declines to exercise supplemental jurisdiction over such claims. See 28 U.S.C. § 1367(c).

[2] Apparently, Parker filed grievances seeking the full names of the mental health staff and got no response. As stated, failure to respond to the grievances does not give rise to any constitutional claim. Moreover, Parker fails to demonstrate that he has any independent right to know employees' full names.

4

The plaintiff is advised that he may appeal this decision pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure by filing a notice of appeal with this court within 30 days of the date of entry of this Order, or within such extended period as the court may grant pursuant to Rule 4(a)(5).

The Clerk is directed to send certified copies of this memorandum opinion and accompanying order to plaintiff and to counsel of record for the defendants.

ENTER: This 17th day of November, 2005.

/s/ James C. Turk
Senior United States District Judge